
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GANG LI,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   18-70083

Agency No. A201-001-273

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2020[**]
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,[***] District
Judge.

    Gang Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' decision dismissing his appeal from the Immigration Judge's

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable James E. Gritzner, United States District Judge for the
Southern District of Iowa, sitting by designation.

order denying asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

Substantial evidence supports the IJ's adverse credibility determination. *Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011). The IJ found that Li's credibility was undermined because he omitted key details in his initial declaration that he later included in his oral testimony. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016). Central to the IJ's credibility finding, which the BIA affirmed, was that Li's testimony also added new allegations that "substantially change[d] the nature of his claim." *See id.* His declaration stated that a family planning committee official requested that his wife have an IUD placed, but he then testified that they were offered the choice between sterilization or an IUD and that the police later threatened him with sterilization if he had a second child. Additionally, Li's testimony enhanced the details of his release from detention. His declaration stated only that he "was released," but he testified that his uncle used communist party connections and bribery to secure his release. He further testified that his release was conditioned on his reporting to the police monthly, performing cleaning chores,

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

and promising not to have a second child; and that he was later fired after his employer received phone calls from the police informing them of his "conflict." Li omitted all of these details from his declaration. The BIA agreed with the IJ that Li's explanations for excluding these "core" allegations—namely, his worry about making the declaration "too long," his failure to realize the importance of these details, and his decision to include only "the things which [he] thought [were] true"—were unsatisfactory. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination."). Here, Li failed to show that the record compelled a contrary conclusion. *See id.* at 1087–88.

In light of the agency's adverse credibility determination, Li failed to meet his burden of establishing eligibility for asylum, withholding of removal, and protection under CAT. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

**PETITION DENIED.**